# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

_____

CYNTHIA ORAVECZ, Individually and on
Behalf of All Others Similarly Situated,

            Plaintiff,                     Case No. 14-cv-1124

    v.

ACTION FINANCIAL SERVICES, LLC,        Hon. William E. Duffin

            Defendant.

_____

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

_____

     1.     On March 2, 2015, the Court preliminarily approved the Class Settlement Agreement reached between Plaintiff Cynthia Oravecz and Defendant Action Financial Services, LLC ("AFS"). The Court approved a form of notice for mailing to the class certified for purposes of this settlement. The Court is informed that actual notice was sent by first class mail, postage prepaid, forwarding service requested, to 2,594 class members. A total of 748 envelopes were returned by the United States Postal Service. One class member requested exclusion and zero objections were filed or received. A total of 189 class members timely returned the proof of claim form and are therefore entitled to a *pro rata* share of the monetary benefits of the settlement. As of June 23, 2015, seven late claim forms were returned by class members.

1

2.     The class is defined as:

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Action Financial Services, LLC, (c) stating that Action Financial Services, LLC is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family or household purposes, (e) on or after September 15, 2013, (f) that was not returned by the postal service.

3.     On June 30, 2015, the Court held a fairness hearing to which class members, including any with objections, were invited.  No class members appeared.

4.     The Court finds that provisions for notice to the class satisfy the requirements of Federal Rules of Civil Procedure 23 and due process.

5.     The Court finds the class settlement is fair, reasonable, and adequate and hereby approves the Class Settlement Agreement submitted by the parties, including the Release and payments out of the Settlement Fund by Class Counsel as follows:

i.     Class Representative Cynthia Oravecz will receive $3,000.00 in settlement of her individual claims and for her service as Class Representative. These funds shall be paid by check within thirty (30) days of the Effective Date, as that term is defined in the Settlement Agreement.

ii.     Based on their petition, Class Counsel shall receive $32,000.00 as reasonable attorneys' fees and costs and expenses of this lawsuit.  Class Counsel will not request additional fees or costs from Defendants or the Class Members other than the court awarded fees and costs. If no appeal is taken from this Order, these attorneys' fees and costs awarded by the Court shall be paid by check within ten (10) days of the Effective Date, as that term is defined in the Settlement Agreement.

iii.    After the payments to the Class Representative and Class Counsel, including the costs of Class Notice and administration, $15,000 shall be distributed *pro rata* by checks among those members of the Class (excluding Plaintiff) who returned a duly executed claim form as described in the Settlement Agreement, that was timely or that was otherwise approved by the Court ("Claimants"). All checks issued to these Claimants in accordance with this paragraph shall indicate on their face that they are void after one hundred and twenty (120) days from the date issued ("void date"), and shall be sent to the Claimants by first-class mail by Defendants within thirty (30) days of the Effective Date.

iv.    The total amount of any funds remaining that result from uncashed checks sent to class members will be contributed to University of Wisconsin Law School Consumer Law Clinic as a *cy pres* award.

v.    The parties do not object to treating late claimants received by June 23, 2015 as if their claim was timely and including them in the distribution of class funds. Based upon the absence of dispute, and because the difference per class member between allowing or rejecting the late claims is minimal, the Court finds that the claimants whose claim forms were received by class counsel on or before June 23, 2015 shall be included in the distribution of class funds.

6.    The Class Representative and the Class grant Defendants the following releases:

Class Representative Cynthia Oravecz and the Class hereby remise, release and forever discharge Defendant, as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which Defendant performs portfolio servicing activities (including, without limitation, any investors, trusts, or other similar entities) (collectively,

3

"Releasees") from any causes of action, suits, claims or demands whatsoever, in law or in equity, known or unknown at this time, based on or arising out of the FDCPA, the WCA, or other federal, state, or municipal statutory, regulatory, or common law regulating debt collection, which the Class now have or ever had against the Releasees, ("Released Claims"), excluding those persons who timely opted out..

7.    The Court finds the Class Settlement Agreement fair, reasonable, adequate, and made in good faith.

8.    The Court dismisses the claims of Class Representatives and the Class as set forth in the Class Settlement Agreement against Defendant and the Releasees with prejudice and with costs pursuant to the provisions set forth in paragraph 8 below.

9.    The Court has reviewed the documents submitted by Class Counsel reflecting Class Counsel's hourly rates, attorney time spent on this action, and expenses, including the costs of notice and administration of the class action settlement. The Court finds Class Counsel's rates, time and expenses are reasonable. The Court awards attorneys' fees and costs of $32,000.00 to Ademi & O'Reilly, LLP. Class Counsel is not entitled to payment of any additional fees and costs other than the Court-awarded fees and costs.

10.    The plaintiff's "Motion to Certify Class filed with the complaint pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)" (ECF No. 3) is **denied as moot**, the class having been certified in accordance with the parties' settlement agreement.

11. The plaintiff's "Motion to Strike several of Defendant's affirmative defenses" (ECF No. 12) is **denied as moot**.

12. The parties' motion for final approval of class action settlement (ECF No. 30) is **granted**.

13. The Clerk shall enter judgment accordingly.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of June, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge